| | |
|---|---|
| IN THE UNITED STATES DISTRICT COURT | |
| FOR THE NORTHERN DISTRICT OF CALIFORNIA | |

DOUGLAS LEE DAWKINS,  )
                        )    No. C 05-1313 SBA (pr)
         Petitioner, )
v.                          )    **ORDER TO SHOW**
                        )    **CAUSE**
JOE McGRATH, Warden, )
                        )
         Respondent. )
_____ )

Petitioner Douglas Lee Dawkins, a state prisoner, filed this habeas corpus petition pursuant to 28 U.S.C. § 2254 and an application to proceed in forma pauperis (hereinafter "IFP").

Venue is proper because Petitioner is challenging prison discipline imposed by Pelican Bay State Prison (PBSP), which is located in this judicial district. See 28 U.S.C. § 2241(d).

**BACKGROUND**

According to the allegations in the petition, Petitioner was issued a Rules Violation Report (RVR) on April 1, 1993. He was charged with "assault on a prisoner with a weapon." A disciplinary hearing was held regarding this RVR and Petitioner was found guilty. Petitioner alleges several procedural due process violations with respect to this disciplinary proceeding.

**DISCUSSION**

A district court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); see Rose v. Hodges, 423 U.S. 19, 21 (1975). The court shall issue an order directing the respondent to show cause why the writ should not be granted unless it plainly appears from the petition that the petitioner is not entitled to relief. See 28 U.S.C. § 2243; Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254.

Petitioner's procedural due process challenges to his disciplinary proceeding are properly brought in a habeas petition because success in this action would shorten the length of his

confinement. See Calderon v. Ashmus, 523 U.S. 740, 747 (1998) (holding that any claim by a prisoner attacking the validity or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code). Petitioner presented his claims to this Court in a timely manner, he alleges that he fulfilled his duty to exhaust his state judicial remedies, and he asserts claims that are cognizable on federal habeas review. Therefore, Respondent is directed to SHOW CAUSE why the petition should not be granted.

## CONCLUSION

1. Leave to proceed in forma pauperis is GRANTED (docket no. 4).

2. The Clerk of the Court shall serve by certified mail a copy of this Order and the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this Order on the Petitioner at his most current address.

3. Respondent shall file with this Court and serve upon Petitioner, no later than **thirty (30) days** of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the Answer a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent no later than **forty-five (45) days** of his receipt of the Answer. Should Petitioner fail to do so, the petition will be deemed submitted and ready for decision **forty-five (45) days** after the date Petitioner is served with Respondent's Answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition to the motion no later than **forty-five (45) days** of receipt of the motion, and Respondent shall file with the court and serve on Petitioner a reply no later than **fifteen (15) days** of receipt of any opposition.

5. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the court

informed of any change of address by filing a separate paper with the Clerk of the Court headed "NOTICE OF CHANGE OF ADDRESS," and comply with any orders of the Court within the time allowed or ask for an extension of that time. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). See Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

6. Petitioner is reminded that all communications with the Court, whether by way of formal legal motions or informal letters, must be served on Respondent by mailing a true copy of the document to Respondent's counsel.

7. Extensions of time are not favored, though reasonable extensions will be granted. However, the party making a motion for an extension of time is not relieved from his or her duty to comply with the deadlines set by the Court merely by having made a motion for an extension of time. The party making the motion must still meet the deadlines set by the Court until an order addressing the motion for an extension of time is issued. Any motion for an extension of time must be filed no later than **fifteen (15) days** prior to the deadline sought to be extended.

IT IS SO ORDERED.

DATED: 1/15/08

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

DAWKINS,

        Plaintiff,

  v.

MCGRATH et al,

        Defendant.

Case Number: CV05-01313 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 16, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Douglas Lee Dawkins
16837 Liberty Street
San Leandro, CA 94578

Dated: January 16, 2008

        Richard W. Wieking, Clerk
        By: LISA R CLARK, Deputy Clerk