IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS LEE DAWKINS, | No. C 05-1313 SBA (PR) |
| Petitioner, | **ORDER GRANTING RESPONDENT'S MOTION TO DISMISS** |
| v. | |
| JOE McGRATH, Warden, | (Docket no. 14) |
| Respondent. / | |

## INTRODUCTION

The instant habeas corpus petition involves Petitioner's loss of time credits because of his involvement in the stabbing of two other inmates while he was detained at California State Prison - Sacramento. On February 15, 2008, Respondent moved to dismiss on procedural default and untimeliness grounds. On April 2, 2008, the Court granted Petitioner's motion for an extension of time to file an opposition. Nevertheless, Petitioner has failed to file any opposition to the motion to date.

For the reasons discussed below, the Court GRANTS Respondent's motion to dismiss.

## DISCUSSION

Respondent contends that the procedural default bars the instant petition.

Petitioner filed a state habeas petition raising the same claims as his federal petition in the Sacramento County Superior Court. The court, in a full opinion citing to In re Robbins, 18 Cal. 4th 770, 780 (1998), and In re Dexter, 25 Cal. 3d 921 (1979), denied Petitioner's habeas claim. In re Robbins states that a Petitioner bears the burden of showing that his petition is timely. In re Dexter stands for the proposition that a state habeas petitioner "will not be afforded judicial relief unless he has exhausted available state administrative remedies." 25 Cal. 3d at 925. The California Court of Appeal for the Third Appellate District, citing In re Robbins, 18 Cal. 4th at 780, and In re Clark, 5 Cal. 4th 750, 765 (1993), summarily denied Petitioner's subsequent habeas petition. In re Clark stands for the proposition that pro se petitioners bear the same burden of timeliness as those

1  represented by counsel.  The California Supreme Court also summarily denied a subsequent petition
2  citing In re Robbins and In re Dexter.

3  In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.  Coleman v. Thompson, 501 U.S. 722, 750 (1991).  A petitioner's claims are procedurally defaulted only if the Supreme Court of California's bar was an independent and adequate state procedural ground barring federal review.  McKenna v. McDaniel, 65 F.3d 1483, 1488 (9th Cir. 1995); Siripongs v. Calderon, 35 F.3d 1308, 1316-18 (9th Cir. 1994). Where the last reasoned opinion on a claim expressly imposes a procedural bar, it should be presumed that a later decision summarily rejecting the claim did not silently disregard the bar and consider the merits.  See Ylst v. Nunnemaker, 501 U.S. 797, 801-06 (1991); Martinez-Villareal v. Lewis, 80 F.3d 1301, 1306 (9th Cir.), cert. denied, 519 U.S. 1030 (1996).

Under the look-through doctrine, the Court will consider the independence and adequacy of the grounds in the last reasoned decision issued unless Petitioner "has carried his burden of adducing strong evidence that one of the subsequent courts reached the merits of the federal claim." Ylst, 501 U.S. at 806.  Because Petitioner has not met that burden, the Court will consider the reasoned opinion of the Sacramento County Superior Court.

Respondent contends that the Sacramento County Superior Court's ruling was both independent and adequate.  Petitioner has not attempted to dispute Respondent's assertion.  In terms of independence, the state court's order clearly and explicitly denies Petitioner's state habeas claim based upon its untimeliness, his failure to exhaust his administrative remedies, and his failure to state a cause of action.  In a single paragraph, the state court suggests that it would have rejected Petitioner's claim on the merits regardless of the procedural defects:

> Even if the Court were to excuse the procedural defects in the petition, it would deny the petition on the merits. Petitioner claims that when he informed the hearing officer that he was unsuitable because he had signed Petitioner's segregation order, the hearing officer acknowledged

> that it was a due process violation and assured Petitioner that he would not forfeit any credit. Not only is that allegation not credible and actually refuted by the attached documentation, it is not how the defect could be cured. Like the previous hearing, which was defective because the hearing officer was involved in the underlying conduct, if the second hearing were defective, it would have been cured by having a new hearing with an appropriate hearing officer. The remedy claimed by Petitioner is not authorized by the regulations, which only bar credit forfeiture by unauthorized delays.

(Resp't Ex. B at 2.) This single paragraph, with the state court's explicit statement that the case was procedurally defective, has no bearing on the independence of the procedural claim for purposes of federal habeas review. In terms of adequacy, the State has pleaded the existence of the bar, thereby shifting the burden to Petitioner to come forward with specific factual allegations and citations to authority to demonstrate that the rule is not consistently enforced. See Bennett v. Mueller, 322 F.3d 573, 585-86 (9th Cir.), cert. denied, 540 U.S. 938 (2003). Because Petitioner has failed to file an opposition to Respondent's motion to dismiss, he has failed to meet his burden. It thus appears that the bar is both adequate and independent. Furthermore, Petitioner does not attempt to show cause and prejudice or a miscarriage of justice, the exceptions to the procedural bar rule. See Coleman, 501 U.S. at 750 (enumerating the exceptions and emphasizing their importance in the American judicial system). Accordingly, the petition is procedurally barred, and Respondent's motion to dismiss is GRANTED.

Respondent alternatively alleges that the instant petition is untimely. Because Petitioner's claim is procedurally barred, however, the Court's decision does not reach Respondent's alternative argument.

**CONCLUSION**

For the foregoing reasons, Respondent's motion to dismiss is GRANTED. The petition is DISMISSED. The Clerk of the Court shall enter judgment, terminate all pending motions, and close the file. This Order terminates Docket no. 14.

IT IS SO ORDERED.

DATED: 7/2/08

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

1  UNITED STATES DISTRICT COURT
   FOR THE
2  NORTHERN DISTRICT OF CALIFORNIA

3
   DAWKINS,
4                                                    Case Number: CV05-01313 SBA
              Plaintiff,
5                                                    **CERTIFICATE OF SERVICE**
     v.
6
   MCGRATH et al,
7
              Defendant.
8  _____/

9
   I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
10 Court, Northern District of California.

11 That on July 3, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said
   copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said
12 envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
   located in the Clerk's office.

13

14

15
   Douglas Lee Dawkins
16 16837 Liberty Street
   San Leandro, CA 94578
17
   Dated: July 3, 2008
18                                                   Richard W. Wieking, Clerk
                                                     By: LISA R CLARK, Deputy Clerk
19

20

21

22

23

24

25

26

27

28
   P:\PRO-SE\SBA\HC.05\Dawkins1313.GrantMTD.wpd         4

**United States District Court**
For the Northern District of California